Hayes **BARKER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 95–C–181, [90–CR–22].

United States District Court, E.D. Wisconsin.

June 20, 1995.

Hayes Barker, Florence, CO, pro se.

Paul L. Kanter, Asst. U.S. Atty., Milwaukee, WI, for respondent.

### *ORDER*

WARREN, District Judge.

On April 17, 1990, petitioner Hayes Barker pled guilty to one count of conspiracy to possess with intent to distribute cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 846. On July 31, 1990, he was sentenced to a term of incarceration of 360 months. Although he initially appealed his sentence to the Seventh Circuit, he later stipulated to dismissal of the appeal. Since then, Barker has relentlessly pursued collateral relief through a series of post-conviction motions brought under 28 U.S.C. § 2255.

On November 22, 1994, this Court dismissed Barker's *fifth* such motion; in doing so, we cited the following language from our May 26, 1993 Order denying Barker post-conviction relief:

> "Mr. Barker's dogged pursuit of post-conviction relief aptly defines the term 'abuse of the writ.' Therefore, any future petitions will be summarily dismissed without legal commentary unless Mr. Barker can explain away his failure to address those issues previously."

On February 17, 1995, Barker filed this, his *sixth,* § 2255 motion, along with a petition to proceed *in forma pauperis;* in it, he argues

that (1) "the seizure of his property was excessive in relation to his crime," and therefore constituted an "excessive fine" in violation of the Eighth Amendment, and (2) "the imposition of a criminal sentence following the civil forfeiture of Barker's property constituted a second punishment for the same offense in violation of the double jeopardy clause of the fifth amendment." He states that his "failure to raise a double jeopardy defense in the District Court was based on the fact that the 7th Cir. law [ ] in effect at the time he was before the Court precluded an argument under double jeopardy or excessive fines," and that the law only changed after the Supreme Court decided *Austin v. United States,* — U.S. —, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993).

Post-conviction relief under § 2255 is an exceptional remedy which, while designed as a "bulwark against convictions that violate fundamental fairness," entails significant costs. *Engle v. Isaac,* 456 U.S. 107, 126, 102 S.Ct. 1558, 1571, 71 L.Ed.2d 783 (1982). The most important of these costs is the uncertainty of criminal convictions. *Coleman v. Thompson,* 501 U.S. 722, 748–50, 111 S.Ct. 2546, 2564, 115 L.Ed.2d 640 (1991). As noted by the Supreme Court, "both the individual criminal defendant and society have an interest in insuring that there will at some point be the certainty that comes with an end to litigation and that attention will ultimately be focused not on whether the conviction was free from error but rather on whether the prisoner can be restored to a useful place in the community." *Engle,* 456 U.S. at 127, 102 S.Ct. at 1571.

Given the importance of finality, a § 2255 petition, which may be brought years after conviction, does not serve as a substitute for a direct appeal. *Belford v. United States,* 975 F.2d 310, 313 (7th Cir.1992); *Bontkowski v. United States,* 850 F.2d 306, 312 (7th Cir.1988). As a result, when possible, all issues raised in a habeas petition must first be raised on direct appeal. *Theodorou v. United States,* 887 F.2d 1336, 1339 (7th Cir.1989); *Williams v. United States,* 805 F.2d 1301, 1304 (7th Cir.1986), *cert. denied,* 481 U.S. 1039, 107 S.Ct. 1978, 95 L.Ed.2d 818 (1987).

When a party fails to properly raise a constitutional objection on direct appeal, he or she may not proceed in a federal habeas petition unless showing both (1) good cause [1] for failing to pursue the issue on direct appeal, and (2) actual prejudice [2] stemming from a constitutional violation. *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977); *Belford,* 975 F.2d at 313; *Williams,* 805 F.2d at 1306–07. A party is barred, without regard to "cause and prejudice," from raising non-constitutional challenges in § 2255 proceedings that could have been raised on direct appeal. *Bontkowski,* 850 F.2d at 313. The "cause and prejudice" test applies both to procedural defaults committed at trial and those made on appeal. *Murray v. Carrier,* 477 U.S. 478, 491, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986).

None of Barker's claims may be brought in this, his sixth, § 2255 proceeding, or in any subsequent post-conviction petition. "Abuse of the writ" applies when a prisoner utilizes a post-conviction petition to raise grounds that were available, but not relied upon, in a prior petition. *Kuhlmann v. Wilson,* 477 U.S. 436, 445, 106 S.Ct. 2616, 2622, 91 L.Ed.2d 364 (1986) (citing *Sanders v. United States,* 373 U.S. 1, 15–19, 83 S.Ct. 1068, 1077–79, 10 L.Ed.2d 148 (1963)). Rule

---

1. "Good cause" exists when some external factor impedes a defendant's ability to comply with a procedural rule. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645–46, 91 L.Ed.2d 397 (1986). Ineffective assistance of counsel in violation of the Sixth Amendment may constitute "cause" under *Wainwright* for a procedural default. *Id.* When assessing whether a party has established cause, the Court may only examine that party's proffered reasons for not appealing and not speculate about other possible explanations. *Williams,* 805 F.2d at 1309; *Qualls v. United States,* 774 F.2d 850, 851 (7th Cir.1985).

2. To prove "prejudice" under *Wainwright,* a party must show "not merely that the errors ... created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial [or appeal] with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982). This requires "a showing that the prisoner was denied 'fundamental fairness' at trial." *Murray,* 477 U.S. at 491, 106 S.Ct. at 2647.

9(b) of the Rules Governing § 2255 Proceedings authorizes a district court judge to dismiss a second or successive § 2255 motion upon finding "that it fails to allege new or different grounds for relief and the prior determination was on the merits *or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.*" In such circumstances, the movant bears the burden of disproving abuse of the writ; "to excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in" *Wainwright* and its progeny. *McCleskey v. Zant,* 499 U.S. 467, 493–95, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991).[3]

As previously indicated, Barker has continually abused the privilege of seeking a post-conviction writ by repeatedly filing baseless § 2255 petitions, including his fifth such petition filed on May 31, 1994. Ironically, as a result of this behavior, Barker cannot now show good cause for failing to raise the above-referenced claims in any of his previous § 2255 petitions as required under *McCleskey.* He purports to base his double jeopardy and excessive fine claims on *Austin;* however, that opinion was issued on June 28, 1993, or nearly one year prior to the date on which he filed his fifth § 2255 petition. As a result, he could, in fact, have brought the instant claims at that time; he offers no explanation for his failure to do so. Whether out of oversight or inadvertence, his failure (without good cause) to bring these claims in his prior petition precludes him from doing so now.

**3.** We recognize that, pursuant to *McCleskey,* the government typically bears the burden of pleading abuse of the writ, which it satisfies by noting "with clarity and particularity" the movant's prior writ history and the claims that appear for the first time. *McCleskey,* 499 U.S. at 494, 111 S.Ct. at 1470. However, we do not read *McCleskey* as precluding a district court, in appropriate circumstances, from raising abuse of the writ *sua sponte* for purposes of Rule 9(b) analysis. A contrary understanding would impose unnecessary and purposeless burdens on the government, as well as require us to ignore our previous orders; both these results would be inimical to the policies underlying Rule 9(b). *See, e.g.,*

Nor will Barker suffer actual prejudice if we refuse to hear his claims. In *Austin,* the Supreme Court held that the Eighth Amendment's excessive fines clause applies to *in rem* civil forfeiture proceedings; it did not address any Fifth Amendment issues. This effectively reversed the Seventh Circuit's prior position that "the Eighth Amendment does not apply to civil *in rem* actions." *United States v. Certain Real Property,* 943 F.2d 721, 727 (7th Cir.1991); *United States v. On Leong Chinese Merchants Assoc. Building,* 918 F.2d 1289, 1296 (7th Cir.1990), *cert. denied,* 502 U.S. 809, 112 S.Ct. 52, 116 L.Ed.2d 29 (1991). The issue of whether or not his *civil* forfeiture was an "excessive fine" under the Eighth Amendment, however, has nothing to do with the "fairness" of his criminal trial; as a result, it is not cognizable under § 2255, which provides a remedy for constitutional errors made during a criminal trial. Barker's Fifth Amendment claim, in turn, is actually based on *United States v. Halper,* 490 U.S. 435, 446–49, 109 S.Ct. 1892, 1900–02, 104 L.Ed.2d 487 (1989), in which the Supreme Court held that the Double Jeopardy clause prohibits post-conviction civil forfeiture proceedings *where the forfeiture cannot be fairly characterized as remedial.* Accord *Montana Dept. of Revenue v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994).[4] Barker, then, could have raised his double jeopardy claim on direct appeal (or, indeed, in any of his five previous § 2255 petitions). His failure to do so without good cause precludes him from seeking post-conviction relief pursuant to *Wainwright;* as a result, and because this claim does not implicate actual innocence, he

*Liss v. United States,* 915 F.2d 287, 290 (7th Cir.1990) (noting that summary dismissal of § 2255 motions under Rule 4(b) is encouraged where it will enhance "the chief virtues of the justice system—speed, economy and finality"). Accord *Delgado v. United States,* 936 F.2d 303, 309 (7th Cir.1991).

**4.** In *United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.1994), the Seventh Circuit recognized that, depending on the circumstances, parallel administrative and criminal drug proceedings may, in some circumstances, violate the Double Jeopardy clause.

again cannot be prejudiced by our refusal to recognize the instant petition.

The Supreme Court noted in *McCleskey* that:

"The doctrines of procedural default and abuse of the writ implicate nearly identical concerns flowing from the significant costs of federal habeas corpus review. To begin with, the writ strikes at finality ...

Habeas review extracts further costs. Federal collateral litigation places a heavy burden on scarce federal judicial resources, and threatens the capacity of the system to resolve primary disputes. Finally, habeas corpus review may give litigants incentives to withhold claims for manipulative purposes and may establish disincentives to present claims when evidence is fresh.

Far more severe are the disruptions when a claim is presented for the first time in a second or subsequent federal habeas petition ... Perpetual disrespect for the finality of convictions disparages the entire criminal justice system ... If re-examination of a conviction in the first round of federal habeas stretches resources, examination of new claims raised in a second or subsequent petition spreads them thinner still."

*McCleskey,* 499 U.S. at 492, 111 S.Ct. at 1468–69. Were this Barker's first § 2255 petition, he would be allowed to attempt to show cause and prejudice for his failure to raise his double jeopardy claim on direct appeal. Because he has abused the writ, however, he cannot be afforded this opportunity; in effect, Barker's repeated and ill-considered attempts to seek collateral review of his conviction based on frivolous claims has precluded him from raising his Double Jeopardy (or any other) claim, whether meritorious or not, unless truly based on an intervening change in the law. *See, e.g., Sanders,* 373 U.S. at 17, 83 S.Ct. at 1078. Given his litigious past, the Court will continue viewing Barker's future submissions with heightened scrutiny; if he files any further § 2255 petitions which are not clearly based on an intervening change in law, or any other frivolous submissions, he risks being sanctioned accordingly, including monetary penalties and/or restrictions on the amount or frequency of filings.

For the foregoing reasons, Barker's sixth § 2255 motion is summarily **DISMISSED** as an abuse of the writ; his *in forma pauperis* petition is **DENIED,** and his May 30, 1995 Motion for Writ of Mandamus is **DENIED** as moot.

**SO ORDERED.**