**UNITED STATES of America, Plaintiff,**

v.

**ONE PARCEL OF REAL ESTATE LOCATED AT RURAL ROUTE 9, LA HARPE, ILLINOIS, and All Appurtenances and Improvements Thereon, et al., Defendants.**

No. 92–1483.

United States District Court,
C.D. Illinois.

Sept. 21, 1995.

Esteban F. Sanchez, Asst. U.S. Attorney, Springfield, IL, for plaintiff.

John H. Bisbee, Macomb, IL, Ronald P. Guyer, San Antonio, TX, for defendant.

## ORDER

McDADE, District Judge.

Before the Court is Claimant Robert Jones' Motion for Summary Judgment [Doc. # 76], the United States' Motion for Sum-

mary Judgment Pertaining To Robert Lynn Jones [Doc. # 78], and the United States' Motion for Summary Judgment Pertaining to Jeanette Jones [Doc. # 80].

## BACKGROUND

This case involves the U.S. Government's seizure of property pursuant to 21 U.S.C. § 881(a)(6) and § 881(a)(7). Robert Lynn Jones ("Jones") was part of a marijuana and cocaine distribution ring operated in Hancock County, Illinois. Jones allegedly exchanged motorcycle parts for marijuana at his motorcycle repair shop in LaHarpe, Illinois, and used the proceeds of his drug transactions to purchase motorcycles, boats, jet skis, tools, and other personal items. To hide the source of the money, Jones allegedly titled some of the personal items in the names of his wife, daughter, and uncle.

On December 5, 1991, the United States obtained a judgment of forfeiture pursuant to 21 U.S.C. § 881 for Jones' 1988 Bayliner cabin cruiser. On May 29, 1992, the United States obtained another judgment of forfeiture for $11,410 belonging to Jones. In neither of these cases did Jones file a claim on the forfeited property.

In 1991, Jones was charged with conspiracy to distribute marijuana, 21 U.S.C. § 846 & § 841(b)(1)(A); distribution of marijuana, 21 U.S.C. § 841(b)(1)(B); conspiracy to distribute cocaine, 21 U.S.C. § 846 & § 841(b)(1)(B); distribution of cocaine, 21 U.S.C. § 841(b)(1)(B); and money laundering, 18 U.S.C. § 1956. In December 1992, a jury found Jones guilty of conspiracy to distribute cocaine and distribution of cocaine.

In a separate jury trial in June 1993, another jury found Jones guilty of conspiracy to distribute marijuana, distribution of marijuana, and money laundering. On January 10, 1994, this Court sentenced Jones to two hundred and forty months in prison for all six counts.

In the present case, the Government is attempting to obtain another civil forfeiture judgment against Jones. The Government's Amended Complaint consists of eleven counts,[1] each one naming a different item of property. In Count 1, the Government invokes 21 U.S.C. § 881(a)(7) to claim the real estate encompassing Jones' motorcycle shop in which Jones allegedly conducted his illegal activities. Counts 3 through 11 invoke 21 U.S.C. § 881(a)(6) to claim six motorcycles, a jet ski, a trailer, and miscellaneous tools and equipment. All of these items were allegedly purchased with the proceeds of Jones' marijuana sales.

Robert Jones and his wife, Jeanette Jones, each filed claims to recover all of the property in question. The United States filed separate motions for summary judgment against Robert Jones and Jeanette Jones. In its summary judgment motion against Jeanette Jones, the Government argued that Mrs. Jones had no standing to file a claim on the property. Mrs. Jones did not contest the Government's motion. Thus, the Court grants the United States' Motion for Summary Judgment Pertaining to Jeanette Jones.

■■■ Robert Jones responded to the Government's summary judgment motion by asserting double jeopardy as a bar to the present civil forfeiture action.[2] Jones also

---

**1.** Upon the Government's own motion, the Court has dismissed Count II of the Amended Complaint without prejudice.

**2.** The response also stated that "Jones neither concedes nor denies that probable cause existed" to believe that the property in question is forfeitable. However, this is not enough to preclude summary judgment on this issue. Magistrate Judge Evans found that probable cause existed for the seizure and forfeiture of the real estate. The Government has also presented ample evidence, including Jones' prior convictions, that probable cause existed for the forfeiture of the proceeds of the crimes. Probable cause only requires a "reasonable ground for the belief of guilt supported by less than *prima facie* proof but

more than mere suspicion." *United States v. On Leong Chinese Merchants Assoc. Building,* 918 F.2d 1289, 1292 (7th Cir.1990), *cert. denied,* 502 U.S. 809, 112 S.Ct. 52, 116 L.Ed.2d 29 (1991). This burden has been met here.

Once the Government has established probable cause to believe the property is subject to forfeiture, the burden then shifts to the claimant who must present evidence refuting the Government's assertion by a preponderance of the evidence. *Id.* Summary judgment ordering forfeiture is appropriate when the Government establishes probable cause and the claimant fails to show that the facts constituting probable cause did not exist. *Id.;* F.R.C.P. 56. Because Jones has presented no such evidence, summary judgment on

filed his own summary judgment motion against the Government which elaborates on his double jeopardy argument. Thus, the sole issue to be decided here is whether the Double Jeopardy Clause of the Fifth Amendment applies to the instant case.

## ANALYSIS

■ "A motion for summary judgment is not an appropriate occasion for weighing evidence; rather, the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir.1990); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). This Court must "view the record and all inferences drawn from it in the light most favorable to the party opposing the motion." *Holland v. Jefferson Nat. Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir.1989). When faced with a motion for summary judgment, the nonmoving party may not rest on its pleadings. Rather, it is necessary for the nonmoving party to demonstrate, through specific evidence, that there remains a genuine issue of triable fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Bank Leumi Le–Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

Jones asserts that because the Government has "punished" him for the same offense on three previous occasions, the Double Jeopardy Clause of the Fifth Amendment now bars the United States from obtaining a civil forfeiture over his property under 21 U.S.C. § 881(a)(6)[3] & § 881(a)(7).[4] The three prior punishments upon which Jones relies are: (1) the civil forfeiture of his Bayliner cabin cruiser on December 5, 1991; (2) the civil forfeiture of $11,410 which belonged to Jones; and (3) this Court's sentence on January 10, 1994, of 240 months in prison for his six convictions.

### The Civil Forfeiture Actions

■ Jones asserts that the Government's two previous forfeiture actions constitute former punishment for purposes of the Double Jeopardy Clause. However, Jones did not make any claim to the property in either of those actions. In *United States v. Torres*, 28 F.3d 1463 (7th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994), the Seventh Circuit encountered this exact situation. In that case, the defendant tried to assert that the Government could not criminally prosecute him a second time because a civil forfeiture proceeding had already been brought against him. *Id.* at 1464. The Government had sent Torres notice inviting him to make a claim in the civil forfeiture proceeding, but he had not responded. *Id.* at 1465. As a result, Torres did not become a party to the forfeiture and a default judgment was entered against him. *Id.* The court concluded, "There was no trial; the $60,000 was forfeited without opposition, and jeopardy did not attach. You can't have double jeopardy without a former jeopardy.... As a non-party, Torres was not at risk in the forfeiture proceeding, and '[w]ith-

---

the issue of probable cause is appropriate here. The Court also notes that the Seventh Circuit affirmed all of Jones' convictions on May 17, 1995. Thus, Jones' ripeness argument is rejected.

3. Section 881(a)(6) provides that the following shall be forfeited to the United States:

All moneys, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been

committed or omitted without the knowledge or consent of that owner.

4. Section 881(a)(7) provides that the following shall be forfeited to the United States:

All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

out risk of a determination of guilt, jeopardy does not attach.' " *Id. citing Serfass v. United States*, 420 U.S. 377, 391–92, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975). Here, too, Jones did not make a claim in the previous two forfeiture proceedings and default judgments were entered against him. Thus, Jones cannot claim that the two previous forfeitures constituted former jeopardy to bar the instant claim of forfeiture.

Jones argues that the decision in *Torres* was based not upon Torres' failure to make a claim to the property, but rather, upon the Government's unawareness that Torres had any ownership interest in the forfeited property.[5] Thus, because here the Government was aware that Jones was the owner of the forfeited property, jeopardy did attach.

The Court disagrees. The Seventh Circuit clearly based its holding in *Torres* upon the fact that Torres did not file a claim on the property and thus did not place himself at risk as a party to the suit. Any language in the opinion regarding ownership of the property was mere dicta. Whether Jones is the owner of the property or not does not change Jones' status as a party to the lawsuit. It is one's status as a party that controls whether he or she has been punished for double jeopardy purposes. *See United States v. Ursery*, 59 F.3d 568, 572 (6th Cir.1995) (holding that *Torres* "stands for the proposition that jeopardy does not attach to a civil forfeiture when the party claiming double jeopardy was not a party to the forfeiture proceeding, and thus was never a risk of having a forfeiture judgment entered against him."); *United States v. Baird*, 63 F.3d 1213, 1217–19 (3d Cir.1995) (relying upon *Torres* to hold that no jeopardy attached where defendant failed to contest the forfeiture proceeding);[6] *United States v. Arreola–Ramos*, 60 F.3d 188,

192–93 (5th Cir.1995) (citing *Torres* for its holding that defendant's failure to contest the forfeiture precluded a finding of former jeopardy). Thus, the Government's two previous forfeitures in this case do not constitute former jeopardy against Jones because he was not a party to those actions.

### The Prior Convictions

■ Jones next argues that because this Court sentenced him to 240 months in prison for his criminal convictions, the Double Jeopardy Clause should bar the Government from bringing a civil forfeiture action against him. The Double Jeopardy Clause protects against multiple punishments in multiple proceedings for the same offense. *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989); *Ursery*, 59 F.3d at 573. Thus, in order to decide whether the Double Jeopardy Clause should be invoked here, three separate determinations must be made: (1) whether the civil forfeitures and criminal convictions are punishment for the same offense; (2) whether the civil forfeitures and criminal convictions are separate proceedings; and (3) whether the civil forfeitures in the instant case constitute "punishment" for double jeopardy purposes. *Ursery*, 59 F.3d at 571.

### Same Offense

■ In *United States v. Dixon*, —— U.S. ——, ——, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993), the U.S. Supreme Court held that the relevant test for determining whether two offenses constitute the "same offense" is whether "each offense contains an element not contained in the other."[7] The Government argues that the civil forfeitures and

---

**5.** Jones apparently relies on the following language from the opinion: "Indeed, because Torres did not make a claim in the forfeiture proceeding, we have no reason to believe that he owned or had any interest in the money. Even in the criminal proceeding, he has not said that he was the funds' owner.... If Torres lacked an interest in the cash, its forfeiture did not impose any penalty on him, and again the argument in *Kurth Ranch* fails." *Torres*, 28 F.3d at 1465–66.

**6.** In fact, the dissenting judge in *Baird* tried to factually distinguish *Torres* on the basis that the

ownership of the property was "not honestly contested." 63 F.3d at 1225. Apparently, the majority did not believe that such a distinction was relevant.

**7.** *Dixon* reinstated the traditional "same elements" test under *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), and overruled the "same conduct" test of *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

criminal convictions here do not constitute punishment for the same offense because the criminal prosecution requires proof that a *person,* the defendant, committed the crime, while the forfeiture requires proof that the *property* subject to forfeiture has been involved in the commission of a criminal violation.

We find the Sixth Circuit's decision in *Ursery* to be persuasive on this point. In *Ursery,* the Government attempted to make the same distinction as in the instant case between an action against a person and an action against property. The Sixth Circuit held that the forfeiture and conviction constituted punishment for the same offense because "the forfeiture necessarily requires proof of the criminal offense." 59 F.3d at 573. By its terms, a civil forfeiture under either § 881(a)(6) or § 881(a)(7) must be premised upon a "a violation of this subchapter." In other words, the Government cannot confiscate Jones' residence or property without a showing that he has also violated the underlying drug offense. *Id.* at 574. Thus, the criminal offense is in essence subsumed by the forfeiture statute and does not require an element of proof that is not required by the forfeiture action. *Id. See also Oakes v. United States,* 872 F.Supp. 817, 824 (E.D.Wash.1994) (coming to the same conclusion); *United States v. Tilley,* 18 F.3d 295, 297–98 (5th Cir.1994) ("[I]f the prior civil forfeiture proceeding, which was predicated on the same drug trafficking offenses as charged in the indictment, constituted a 'punishment,' the Double Jeopardy Clause will bar the pending criminal trial."), *cert. denied* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994); *United States v. One 1978 Piper Cherokee Aircraft,* 37 F.3d 489, 495 (9th Cir.1994) ("[U]nless the civil forfeiture under § 881(a)(4) can be predicated upon some offense other than those for which McCollough has already been tried, the civil forfeiture is barred by the Double Jeopardy Clause.").

The legal fiction that the property itself is the offender in a civil forfeiture case "has a venerable history in our case law." *Austin v. United States,* —— U.S. ——, ——, 113 S.Ct. 2801, 2808, 125 L.Ed.2d 488 (1993). However, the Supreme Court in *Austin* made clear that a civil forfeiture could also constitute punishment of the property's owner. —— U.S. at ——, 113 S.Ct. at 2809. Thus, the distinction that the Government tries to make between an offense against a person and one against property does not hold up under the Supreme Court's recent jurisprudence. *See Austin,* —— U.S. at —— – ——, 113 S.Ct. at 2813–14 (Scalia, J., concurring) ("Punishment is being imposed, whether one quaintly considers its object to be the property itself, or more realistically regards its object to be the property's owner."); *Oakes,* 872 F.Supp. at 824 ("To accept the Government's argument that the sections involve different elements simply because one section of the statute deals with property and the other people, would be to adopt a circular and illusory theory."). Therefore, the Court finds that the prior convictions and the civil forfeitures in the instant case are the "same offense" for purposes of double jeopardy analysis.

### Separate Proceedings

Double jeopardy does not apply when civil and criminal penalties are imposed in one, single proceeding. *United States v. Halper,* 490 U.S. 435, 450, 109 S.Ct. 1892, 1902–03, 104 L.Ed.2d 487 (1989); *Torres,* 28 F.3d at 1464. Conversely, the civil forfeitures and criminal convictions must constitute separate proceedings in order for the Double Jeopardy Clause to apply. The Court agrees with the Sixth Circuit in *Ursery* that such a determination should be made on a case-by-case basis. 59 F.3d at 575. In making such an analysis, the Court notes that the Seventh Circuit in *Torres* indicated that under recent Supreme Court jurisprudence, it would be difficult, although not impossible, for the Government to initiate a civil forfeiture and criminal indictment in a single proceeding.[8] 28 F.3d at 1464–65. The Seventh Circuit warned that "[t]wo trials,

---

8. The court suggested that the Government "could have sought in the criminal indictment to forfeit Torres's interest, if any, in the $60,000,

using the administrative forfeiture proceeding to entertain and resolve other claims to the cash." 28 F.3d at 1464 n. 1.

even if close in time, are still double jeopardy." *Id.* at 1465.

In the instant case, Jones was charged with six criminal counts in 1991 and was convicted in two separate jury trials in December 1992 and June 1993. However, the Government's original Complaint for civil forfeiture was not filed until October 26, 1992, and its Amended Complaint was not filed until September 20, 1993. These time discrepancies show that the civil forfeiture constituted a separate proceeding from the criminal Indictment. The Government does not even dispute that the two actions here constitute separate proceedings under the Double Jeopardy Clause. Thus, the Court finds that the civil forfeiture and criminal indictment actions are separate proceedings for double jeopardy purposes.

### Civil Forfeiture As Punishment

In order to invoke the Double Jeopardy Clause, the civil forfeitures at issue must be considered "punishment." *Ursery*, 59 F.3d at 571. In *Halper*, the U.S. Supreme Court considered whether and under what circumstances a civil penalty may constitute "punishment" for purposes of double jeopardy analysis. 490 U.S. at 436, 109 S.Ct. at 1895. In that case, the defendant was criminally prosecuted for 65 counts of making false medical reimbursement claims totaling approximately $585. *Id.* at 437, 109 S.Ct. at 1896. He was convicted and sentenced to two years imprisonment and a $5,000 fine. *Id.* Subsequently, the government brought a civil action under the False Claims Act, 31 U.S.C. §§ 3729–31, which potentially subjected Halper to a civil penalty of $130,000 for the false claims. *Id.* at 438, 109 S.Ct. at 1896.

The Supreme Court determined that a particular civil penalty could be "so extreme and so divorced from the Government's damages and expenses as to constitute punishment" in spite of its civil label. *Id.* at 442, 109 S.Ct. at 1898. Reasoning that "the notion of punishment ... cuts across the division between the civil and the criminal law," the Court held that "a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also

serving either retributive or deterrent purposes, is punishment." *Id.* at 447–48, 109 S.Ct. at 1901–02. Thus, the Court concluded that under the Double Jeopardy Clause, a defendant already punished in a criminal prosecution could not be subjected to an additional civil sanction "to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." *Id.* at 448–49, 109 S.Ct. at 1901–02.

In *Austin*, the Supreme Court was presented with the question whether civil forfeitures of property under 21 U.S.C. §§ 881(a)(4) and 881(a)(7) constitute "punishment" so as to be subject to the Excessive Fines Clause of the Eighth Amendment. — U.S. at —, 113 S.Ct. at 2812. Relying upon *Halper*, the Court found that these civil forfeiture provisions did constitute "punishment" because the penalties did not serve solely a remedial purpose. *Id.* The Court gave three reasons for its conclusion that civil forfeiture was punitive in nature. First, the Court reasoned that the inclusion of an "innocent owner" defense in each statute served to "focus the provisions on the culpability of the owner in a way that makes them look more like punishment, not less." *Id.* at — – —, 113 S.Ct. at 2810–11. The existence of the defenses in the statutes implied a "congressional intent to punish only those involved in drug trafficking." *Id.* at —, 113 S.Ct. at 2811. Second, the Court reasoned that "Congress has chosen to tie forfeiture directly to the commission of the drug offenses." *Id.* Third, the Court found that the legislative history of the provisions confirmed their punitive nature. Congress had passed the statutes in order to supplement traditional criminal sanctions that "deter or punish the enormously profitable trade in dangerous drugs." *Id.*

Thus, under *Halper* and *Austin*, any civil forfeiture under 21 U.S.C. § 881(a)(7) constitutes "punishment" for double jeopardy purposes. Stated more clearly, *Halper* requires that in order to be considered punishment under the Double Jeopardy Clause, the penalty must not be solely remedial in nature. The Court in *Austin* applied the *Halper* analysis and found that forfeitures under

§ 881(a)(7) are not solely remedial in nature. Thus, forfeitures under § 881(a)(7) must constitute punishment under the Double Jeopardy Clause. The Sixth Circuit has explicitly reached this result. *Ursery,* 59 F.3d at 573.[9] *See also United States v. McCaslin,* 863 F.Supp. 1299, 1302 (W.D.Wash.1994) (same). The Court agrees and finds that a forfeiture of the real estate in Count I of the United States' Amended Complaint would constitute double jeopardy. Thus, the United States' Motion for Summary Judgment is denied on Count I and Jones' Motion for Summary Judgment is granted on Count I.

■ Unfortunately, the Government only seeks a § 881(a)(7) forfeiture in Count I of its Amended Complaint. The other counts are brought pursuant to 21 U.S.C. § 881(a)(6), a statute not explicitly dealt with by the Court in *Halper* or *Austin.* The applicability of these cases to § 881(a)(6) is a hotly contested area among federal circuit courts. On the one hand, the Ninth Circuit has mechanically applied the holdings in *Halper* and *Austin* to find that § 881(a)(6) forfeitures also constitute punishment under the Double Jeopardy Clause. *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210, 1219 (9th Cir.1994), *am'd on denial of reh'g,* 56 F.3d 41 (9th Cir.1995). On the other hand, many courts have attempted to distinguish § 881(a)(6) as not constituting punishment at all. *See, e.g., United States v. Tilley,* 18 F.3d 295, 300 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994); *United States v. $288,-930.00 in U.S. Currency,* 838 F.Supp. 367, 370–71 (N.D.Ill.1993); *Dawkins v. United States,* 883 F.Supp. 83, 88–89 (E.D.Va.1995).

The rationale of those cases which have tried to distinguish § 881(a)(6) forfeitures is that the property involved is the unlawful proceeds of drug sales. Thus, the forfeiture is not punishment because "the forfeiting party loses nothing to which the law ever entitled him." *Tilley,* 18 F.3d at 300. The Fifth Circuit in *Tilley* reasoned:

> The possessor of proceeds from illegal drug sales never invested honest labor or other lawfully derived property to obtain the subsequently forfeited proceeds. Consequently, he has no reasonable expectation that the law will protect, condone, or even allow, his continued possession of such proceeds because they have their very genesis in illegal activity.

*Id.* The court concluded, "[W]e believe the forfeiture of proceeds from illegal drug sales is more closely akin to the seizure of the proceeds from the robbery of a federal bank than the seizure of lawfully derived real property." Thus, the forfeiture of illegal proceeds "merely places that party in the lawfully protected financial status quo that he enjoyed prior to launching his illegal scheme," *id.,* and is solely remedial in nature. *Halper,* 490 U.S. at 448, 109 S.Ct. at 1901–02.[10] *Accord Dawkins,* 883 F.Supp. at 88–89; *see also $288,930.00 in U.S. Currency,* 838 F.Supp. at 370 ("[T]he forfeiture of allegedly illegally obtained property is not a punishment because the claimant does not rightfully own the forfeited property."). The Court finds this reasoning persuasive.

Jones does make a credible counterargument.[11] The Supreme Court in *Austin* employed three reasons for finding that § 881(a)(7) constituted "punishment" under the Excessive Fines Clause: (1) the existence

---

9. In *Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, ——, 114 S.Ct. 1937, 1945, 128 L.Ed.2d 767 (1994), the Supreme Court also appeared to combine *Halper* and *Austin* in order to render a state tax invalid under the Double Jeopardy Clause.

10. By contrast, the property forfeited under § 881(a)(7) is lawfully obtained real property that is used for illegal purposes. Thus, forfeiture of that property would be considered punishment because it takes away property that the defendant had lawfully obtained prior to the illegal undertaking. The same can be said of the property other than proceeds covered by § 881(a)(6),

namely, "[a]ll money, negotiable instrument, securities and other things of value to be furnished or intended to be furnished by any person in violation of this subchapter" or "used or intended to be used to facilitate any violation of this subchapter." The Court's holding today should not be construed as excluding those items from the definition of "punishment." In fact, the forfeiture of such objects probably does constitute punishment under the Court's analysis.

11. This argument was the basis for the Ninth Circuit's decision in *$405,089.23 U.S. Currency* to apply *Halper* and *Austin* to § 881(a)(6) forfeitures. 33 F.3d at 1221.

of the "innocent owner" exception; (2) the fact that Congress chose to tie forfeiture directly to the commission of drug offenses; and (3) the legislative history of the statute. — U.S. at —, 113 S.Ct. at 2811. These same reasons are equally applicable to § 881(a)(6). It too contains an "innocent owner" exception, is tied to the commission of a drug offense, and has legislative history confirming its punitive nature. Thus, one could logically conclude that under the Supreme Court's reasoning in *Austin,* the Court should also find § 881(a)(6) to constitute "punishment." The difficulty with such a conclusion is that no one can be sure whether the Court in *Austin* would have distinguished § 881(a)(6) from § 881(a)(7) had that section been at issue. Without a clear indication from the Supreme Court that its analysis of § 881(a)(7) under *Austin* should also apply to § 881(a)(6) forfeitures, this Court declines to jump to such a conclusion.

■ There is one further matter to be determined: whether the proportionality test of *Halper* must be applied to determine the fairness of the forfeiture here. The Court finds that it need not be invoked. In *Halper,* the Supreme Court established that, where a civil penalty is brought against a defendant after he has already been criminally prosecuted, and the penalty "appears to qualify as 'punishment' in the plain meaning of the word, then the defendant is entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment." 490 U.S. at 449, 109 S.Ct. at 1902. In *Halper,* the Court found that a fine of $130,000 was disproportionate to the Government's approximate expenses of $16,000 to litigate that case. *Id.* at 452, 109 S.Ct. at 1903–04. Thus,

the fine was not "solely remedial" and could constitute punishment. *Id.* at 448, 109 S.Ct. at 1902.

It makes little sense to apply the proportionality analysis of *Halper* to the instant case when the Court has already determined that the forfeiture of illegal proceeds under 21 U.S.C. § 881(a)(6) is solely remedial and can *never* constitute " 'punishment' in the plain meaning of the word." *Id.* at 449, 109 S.Ct. at 1902. Employing such an analysis would reward the criminal who has obtained a great deal of illegal assets as compared to the Government's costs of litigating the suit. *See United States v. Borromeo,* 1 F.3d 219, 221 (4th Cir.1993) ("[T]here is little justification for the position that one who successfully parlays his tainted dollar into a fortune should be permitted to enjoy a windfall—a result which a strict focus upon proportionality might bring about in a given case with regard to the proceeds of crime.")[12] The Fifth Circuit in *Tilley* acknowledged this fact when it held, "Even absent the rational relation test of *Halper,* we would nevertheless be required to hold that the forfeiture of the proceeds from illegal drug sales does not constitute punishment." 18 F.3d at 300.

Thus, the Court holds that it must take an all or nothing approach to the question of whether the forfeiture of illegal proceeds under § 881(a)(6) requires a proportionality analysis.[13] Because the Court has determined that § 881(a)(6) forfeitures do not constitute punishment, no proportionality analysis will be employed here, and Counts 3 through 11 are not barred by the Double Jeopardy Clause. Because double jeopardy was Jones' only defense to the United States' Motion for Summary Judgment, and Jones' only argument in favor of his Motion for

---

**12.** Despite this language, the Fourth Circuit in *Borromeo* ultimately decided that under *Austin,* the proportionality test of *Halper* may be relevant in a given case where illegally obtained proceeds are at issue. 1 F.3d at 221. This Court finds that holding inapplicable here because the court in *Borromeo* never discussed whether forfeitures under § 881(a)(6) constituted "punishment" under *Halper* and *Austin.*

**13.** *But see Dawkins,* 883 F.Supp. at 88–89 (employing the *Halper* proportionality analysis even after finding that § 881(a)(6) forfeitures did not

constitute "punishment" under the Double Jeopardy Clause). Even if illegal proceeds under § 881(a)(6) did constitute punishment, the proportionality test of *Halper* would always be met because: (1) the punishment inflicted would invariably bear a direct relation to the amount of property forfeited, and (2) the costs to society and the Government for the war on drugs would far outweigh the punishment inflicted upon the defendant. *Tilley,* 18 F.3d at 299; *Dawkins,* 883 F.Supp. at 88–89.

Summary Judgment, the Court grants summary judgment in favor of the United States and against Jones on Counts 3 through 12.

### CONCLUSION

IT IS THEREFORE ORDERED that Robert Jones' Motion for Summary Judgment [Doc. # 76] is **GRANTED** as to Count I, and **DENIED** as to Counts 3 through 12.

IT IS FURTHER ORDERED that the United States' Motion for Summary Judgment Pertaining to Robert Lynn Jones [Doc. # 78] is **GRANTED** as to Counts 3–12 and **DENIED** as to Count I.

IT IS FURTHER ORDERED that the United States' Motion for Summary Judgment Pertaining to Jeanette Jones [Doc. # 80] is **GRANTED**. The Clerk of the Court is directed to enter judgment and the case is **TERMINATED.**