UNITED STATES of America,

v.

Rueben RICHARDSON.

Nos. 95 C 3669, 93 CR 888–1.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 21, 1995.

Asst. U.S. Atty., United States Attorney's Office, Chicago, IL, for plaintiff.

Rueben Warren Van Richardson, Sr., Terre Haute, IN, pro se.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Rueben Richardson, acting *pro se*, brings this motion under 28 U.S.C. § 2255, asking us to vacate his twenty-five month sentence. He contends that because his criminal prosecution followed a civil forfeiture action arising out of the same alleged misconduct, his conviction and sentence were obtained in violation of the Double Jeopardy Clause of the Fifth Amendment. For the reasons set forth below, Richardson's motion is denied.

### I. Background

On June 19, 1989, the United States of America filed a verified civil complaint in case number 89 C 4763 against ten parcels of real property located in the Chicago area. The complaint and accompanying affidavit alleged that Richardson and several other defendants had used these properties to conduct illegal gambling operations in violation of 18 U.S.C. § 1955, and requested the forfeiture of these properties.[1] Richardson and

---

1. The illegal gambling statute provides, in pertinent part:
   (a) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined under this title or imprisoned not more than five years, or both.
   (b) As used in this section—

his wife Margaret Lockhart filed claims for some of the properties, but they eventually entered into a stipulated settlement of the case. The terms of the settlement provided that Richardson, as well as several other claimants, would forfeit two parcels of realty and pay $10,000. In return, the government agreed to dismiss the forfeiture action against the remaining properties. An order adopting the settlement was entered by Judge Kocoras on April 20, 1990.

Over three and one-half years later, on December 8, 1993, Richardson was charged in a three-count indictment with conspiring to conduct an illegal gambling operation, in violation of 18 U.S.C. § 371[2] and 18 U.S.C. § 1955, conspiring to defraud the IRS, in violation of 18 U.S.C. § 371, and filing a false tax return, in violation of 26 U.S.C. § 7206(1). On March 29, 1994, Richardson pled guilty to the two conspiracy counts, and on September 1, 1994, he was sentenced by this court to twenty-five months imprisonment.

## II. Discussion

Although he declined to appeal his conviction and sentence, Richardson now moves under § 2255 to have his sentence vacated or corrected. He argues that because his property was seized in the 1989 civil case, the filing of the 1993 criminal complaint against him violated the Due Process Clause of the Fifth Amendment. Before reaching the merits of his argument, however, we must consider whether Richardson has defaulted his

(1) "illegal gambling business" means a gambling business which—(i) is a violation of the law of a State or political subdivision in which it is conducted; (ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and (iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day.
....
(d) Any property, including money, used in violation of the provisions of this section may be seized and forfeited to the United States....
18 U.S.C. § 1955.

2. If two or more persons conspire ... to commit any offense against the United States, ... and one or more of such persons do any act to effect the object of the conspiracy, each shall

double jeopardy claim by failing to file a direct appeal.

It is well settled that a defendant's failure to present a constitutional challenge on direct appeal will act as a procedural bar to his raising that issue in a collateral proceeding, absent a showing of cause for the procedural default and actual prejudice resulting from the failure to appeal. *Barker v. United States,* 7 F.3d 629, 632 (7th Cir.1993),. *cert. denied,* —— U.S. ——, 114 S.Ct. 939, 127 L.Ed.2d 229 (1994). Richardson failed to raise his double jeopardy argument before pleading guilty, and, as observed above, he neglected to file a direct appeal. Richardson cannot use the instant § 2255 motion as a substitute for direct appeal, *see Williams v. United States,* 805 F.2d 1301, 1306 (7th Cir. 1986), *cert. denied,* 481 U.S. 1039, 107 S.Ct. 1978, 95 L.Ed.2d 818 (1987), and thus he is procedurally barred from raising his double jeopardy argument unless he can demonstrate cause and prejudice.

Although his submissions are not entirely clear, Richardson appears to argue that his cause is (1) ineffective assistance of his trial counsel, in that his attorney did not inform him of this argument, and (2) the novelty of his double jeopardy argument, in that several significant opinions on the topic were issued quite recently.[3] The latter argument requires much less discussion than the former, and therefore we tackle Richardson's contentions in reverse order.

be fined under this title or imprisoned not more than five years, or both....
18 U.S.C. § 371.

3. Richardson also argues that the procedural bar simply does not apply to his constitutional argument, and cites *Oakes v. United States,* 872 F.Supp. 817 (E.D.Wash.1994) for support. However, in *Oakes* the government did not contend that the movant was procedurally barred from raising a double jeopardy argument, but claimed that he had waived the argument by virtue of his guilty plea. *Id.* at 820–23. Thus, the court was not presented with the issue of procedural default and did not discuss it. *See Fagan v. Washington,* 942 F.2d 1155, 1157 (7th Cir.1991) (collecting cases in which respondent "waived waiver"). In the instant case, however, the government did raise the issue of procedural default, and therefore we must address it.

Richardson maintains that he should be permitted to raise his double jeopardy argument at this time because of recent Supreme Court decisions elaborating on the protection afforded by the Double Jeopardy Clause. Richardson refers to *Department of Revenue of Mont. v. Kurth Ranch,* — U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), *United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), *Austin v. United States,* — U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), and *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), as well as several other decisions from various courts of appeal. However, in order for the novelty of a constitutional claim to constitute cause, the legal basis for the argument must not be "reasonably available to counsel" at the time of the defendant's direct appeal. *Reed v. Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984). All of the cases cited above were decided before the defendant's sentencing on September 1, 1994, and thus could have been utilized in his direct appeal. Indeed, the Supreme Court first recognized that a civil sanction could be considered punishment under the Double Jeopardy Clause in *Halper*— a decision that was handed down over four years before Richardson's indictment and more than five years before his sentencing. Moreover, similar arguments were raised in this circuit long before *Halper. E.g., United States ex rel. Fulton v. Franzen,* 659 F.2d 741, 743 (7th Cir.1981), *cert. denied,* 455 U.S. 1023, 102 S.Ct. 1722, 72 L.Ed.2d 142 (1982). Thus, even if Richardson did not have the benefit of the most recent decisions construing the Double Jeopardy Clause, he did possess "the tools to construct [his] constitutional claim," and therefore cannot contend that the novelty of the claim is sufficient cause to overcome his procedural default. *Boyer v. United States,* 55 F.3d 296, 299–300 (7th Cir.) (quoting *Engle v. Isaac,* 456 U.S. 107, 133,

102 S.Ct. 1558, 1574, 71 L.Ed.2d 783 (1982)), *cert. denied,* — U.S. ——, 116 S.Ct. 268, 133 L.Ed.2d 190 (1995); *Barker v. United States,* 891 F.Supp. 478, 481 (E.D.Wisc.1995) (rejecting argument that recency of *Halper* and *Kurth Ranch* constituted cause for failing to raise double jeopardy claim on direct appeal); *United States v. Estrada,* No. 95 C 2546, 1995 WL 476663, at *2 (N.D.Ill. Aug. 4, 1995) (same).[4]

Richardson next attempts to avoid the procedural bar by arguing that his attorney was ineffectual. To be sure, ineffective assistance of counsel may constitute cause for a procedural default, but only if the defendant was represented by an attorney whose performance fell below constitutional standards. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). To prove ineffective assistance, Richardson "must establish that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced by his attorney's error such that the result of the proceeding was rendered fundamentally unfair or unreliable." *Mason v. Godinez,* 47 F.3d 852, 855 (7th Cir.) (citing *Lockhart v. Fretwell,* 506 U.S. 364, 369, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993) and *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984)), *cert. denied,* — U.S. ——, 116 S.Ct. 125, 133 L.Ed.2d 74 (1995). We need only address the second prong of this analysis, as Richardson is unable to demonstrate that he suffered any prejudice by not raising his double jeopardy argument at an earlier stage.[5]

The Double Jeopardy Clause guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., amend. V. "The basis of the Fifth Amendment protection

---

4. In addition, we note that "in light of *Teague* [*v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)], the continuing vitality of *Reed* is questionable at best." *Boyer,* 55 F.3d at 299. Thus, even if Richardson could satisfy *Reed,* it is by no means certain that this "new" case law would be applied retroactively to him.

5. We note that the defendant does not appear to raise an independent claim of ineffective assis-

tance of counsel, but only presents the argument as a means of avoiding procedural default. In any event, because he fails to direct us to any specific acts or omissions of counsel (other than the failure to raise the double jeopardy argument), he cannot prevail on an independent claim of ineffective assistance. *See Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066.

against double jeopardy is that a person shall not be harassed by successive trials; that an accused shall not have to marshal the resources and energies necessary for his defense more than once for the same alleged criminal acts." *Abbate v. United States,* 359 U.S. 187, 198–99, 79 S.Ct. 666, 673, 3 L.Ed.2d 729 (1959) (opinion by Brennan, J.). Thus, the Clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and—most relevant for Richardson—multiple punishments for the same offense. *Halper,* 490 U.S. at 440, 109 S.Ct. at 1897. In order for Richardson to claim that he falls into this latter category, he must show (1) that the civil forfeiture constitutes punishment for double jeopardy purposes; (2) that the civil forfeiture and criminal conviction are punishment for the same offense; and (3) that the civil forfeiture and criminal prosecution are separate proceedings. *United States v. Ursery,* 59 F.3d 568, 571 (6th Cir.1995). To be sure, a civil forfeiture can sometimes constitute "punishment" for purposes of double jeopardy, thereby barring a subsequent criminal proceeding against the same person. *See Halper,* 490 U.S. at 446–49, 109 S.Ct. at 1900–02; *United States v. Torres,* 28 F.3d 1463, 1464 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). However, in this case the government challenges Richardson's ability to satisfy the second prong of the aforementioned test, arguing that the civil forfeiture and the criminal prosecution were actually separate punishments for separate offenses. To determine whether two offenses are the same, we employ the "same-elements" test of *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)—that is, we ask whether each offense includes an element not contained in the other. *Dixon,* 509 U.S. at ——, 113 S.Ct. at 2856.[6] If so, then the two offenses are separate and their separate punishments do not run afoul of the Double Jeopardy Clause. *See id.*

In the instant case, the government needed to demonstrate that Richardson's property was used in the operation of an illegal gambling operation in order to prevail in the civil forfeiture. 18 U.S.C. § 1955(d). By contrast, the conspiracy charge did not require proof that any property was being used, or that the substantive crime outlawed in 18 U.S.C. § 1955(a) had actually been committed. *United States v. Jackson,* 33 F.3d 866, 870 (7th Cir.1994) (conviction under § 371 does not require proof of underlying offense), *cert. denied,* —— U.S. ——, 115 S.Ct. 1316, 131 L.Ed.2d 197 (1995). Rather, Richardson's conspiracy conviction required proof of an agreement between two or more persons to conduct an illegal gambling operation, Richardson's participation in that agreement, and the commission of an overt act in furtherance of the agreement by one of the coconspirators. *See United States v. Lahey,* 55 F.3d 1289, 1293 (7th Cir.1995). Thus, both the civil forfeiture claim and the conspiracy charge contained at least one element not found in the other.[7]

Richardson complains that the conspiracy charge and the civil forfeiture arose out of the same underlying activity. However, under *Blockburger* and its progeny, this factual connection between the two proceedings is irrelevant. For example, in *United States v. Chick,* 61 F.3d 682, 688 (9th Cir.1995), the government brought criminal conspiracy charges against a defendant who had already forfeited property that had been used to intercept electronic communications in violation of 18 U.S.C. § 2511. Although the indictment charged him with conspiring to assemble, possess, and sell the same equipment that was seized in the forfeiture, the conspir-

---

**6.** Although a "same-conduct" test was instituted in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), *Dixon* jettisoned this approach and restored the "same-elements" test of *Blockburger.* 509 U.S. at ——, 113 S.Ct. at 2864.

**7.** We note because a gambling operation must "involve[ ] five or more persons" in order for it to be actionable under 18 U.S.C. § 1955(b)(1)(ii), one might argue that the existence of a conspiracy is a prerequisite to both a § 371 conspiracy charge and a § 1955(d) civil forfeiture. However, such a proposition is untenable, as it is settled law that § 1955 does not require a conspiratorial agreement between the parties, but merely the participation of the requisite number of persons. *Iannelli v. United States,* 420 U.S. 770, 786–91, 95 S.Ct. 1284, 1294–97, 43 L.Ed.2d 616 (1975).

acy charge was not barred by double jeopardy because both proceedings required proof of at least one additional element not contained in the other case. *Id.* at 687–88. Similarly, in the instant matter both the civil and the criminal proceedings required proof of elements not required in the other action—the use of property and the commission of an offense under § 1955 in the civil case, and the existence of a conspiracy and the commission of an overt act in the criminal case. *See United States v. Falkowski,* 900 F.Supp. 1207, 1214–17 (D.Alaska 1995); *United States v. Leaniz,* No. CR–2–90–18, 1995 WL 143127, at \*6 (S.D.Ohio March 31, 1995) ("The elements for conspiracy are completely different from the elements required for forfeiture."); *United States v. Shorb,* 876 F.Supp. 1183, 1188 (D.Or.), *aff'd. in part, vacated on other grounds,* 59 F.3d 177 (9th Cir.1995). Thus, because these two charges do not satisfy the "same-elements" test, Richardson cannot claim that he was punished twice for the same offense.[8]

Accordingly, because Richardson was not prejudiced by his failure to raise a double jeopardy argument on direct appeal, we hold that he was not deprived of the assistance of counsel required by the Sixth Amendment. Because he cannot demonstrate cause to justify his procedural default, and because his double jeopardy claim lacks merit, we deny his motion.

### III. Conclusion

For the reasons set forth above, Defendant's § 2255 motion is denied. It is so ordered.

---

8. Some courts have found unpersuasive the argument that proof of *property* being used in the commission of a crime is separate from proof of a *person* committing a crime. *See, e.g., United States v. Ursery,* 59 F.3d 568, 573–74 (6th Cir. 1995); *United States v. One Parcel of Real Estate Located at Rural Route 9,* 900 F.Supp. 1032, 1036–37 (C.D.Ill.1995); *Oakes v. United States,* 872 F.Supp. 817, 823–24 (E.D.Wash.1994). Be that as it may, the instant case involves a charge of *conspiracy* to operate an illegal gambling oper-

ation, which is clearly a separate offense from the crime of operating an illegal gambling operation. *United States v. Felix,* 503 U.S. 378, 389–92, 112 S.Ct. 1377, 1384–86, 118 L.Ed.2d 25 (1992). Thus we are not faced with the question of whether, based solely on the need to prove the involvement of property in one case and the involvement of a person in the other, a forfeiture and a prosecution would punish the same offense twice.